UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 10-30824 |
| | ) | |
| KWITCHURBELIAKIN, LLC | ) | CHAPTER 11 |
| *DBA* THUNDERBIRD LANES | ) | |
| | ) | |
| **Debtor.** | ) | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY AND FOR ADEQUATE PROTECTION

This Motion of LaPorte Savings Bank ("Movant") respectfully represents:

1. The bankruptcy court has jurisdiction of this matter pursuant to 28 U.S.C. §1334 and 11 U.S.C.§362.

2. Movant is, and has been at all times herein mentioned, a corporation organized and existing under the laws of the State of Indiana and authorized to transact business in the State of Indiana, and is authorized to and does transact business in the State of Indiana with its principal place of business at 710 Indiana Avenue, LaPorte, Indiana 46350.

3. Movant is informed and believes and based thereon alleges that Debtor is, and has been all times herein mentioned, an individual doing business under its own name and under the trade name of Thunderbird Lanes, and that Debtor has at all times herein mentioned housed its operation in the state of Indiana.

4. Debtors filed an original petition under Chapter 11 of the Bankruptcy Code (Title 11 U.S.C.) On March 4, 2010. Pursuant to the provisions of 11 U.S.C. §362(a), the filing of Debtor's petition operated as an automatic stay against Movant's rights as a secured creditor to proceed against Debtor and its property. As of this date the Debtor continues in possession of its property and is operating its business and managing its property, though pursuant to this Court's Orders on

March 23, and October 12, 2010, Jacqueline Homman was recently appointed as the Chapter 11 Trustee.

5. Prior to the filing of said petition, on May 31, 2005, Movant and Debtor executed a Note and Mortgage whereby Movant agreed to lend, and did in fact lend, and Debtor agreed to borrow and pay back the sum of $750,000.00. Copies of the Note and Mortgage are attached hereto as Exhibits A and B, respectively.

6. Pursuant to the Promissory Note the Debtor agreed to pay to Movant the above-described sum of $750,000.00, together with interest at a variable rate.

7. Subsequently, on the 10th day of November, 2005, the Debtor for value received, executed and delivered to the Movant, a second Note in the principal amount of Seventy-five Thousand Dollars ($75,000.00), with the principal due and payable on November 10, 2008, and with interest payable at a variable rate year until paid. A copy of the note is attached and marked Exhibit "C".

8. In order to secure the payment of this second note, the Debtor executed and delivered to the Movant, a mortgage mortgaging the above-described real property. A copy of the mortgage is attached and marked Exhibit "D". Collectively the Notes and Mortgages are hereinafter referred to as "the Loan Documents."

9. Movant's lien upon Debtor's real property consists of a lien upon a parcel of real estate located in LaPorte County, Indiana. This lien was perfected by the recording of two Mortgages on June 2, 2005, and November 17, 2005, respectively, in the office of the Recorder of LaPorte County, Indiana.

10. Debtor has defaulted on its obligations to Movant in that it failed to make the payments which was due under the Loan Documents since April, 2009. Debtor has continued in

default in that it has failed to make any payments after that date. The entire indebtedness has been accelerated by Movant and is now due and owing.

11. Movant duly performed each and every act and thing required to be performed by it under the Loan Documents.

12. In August, 2009, Movant elected to foreclose its lien on the real property subject to its mortgage by exercise of the power sale contained therein.

13. Thereafter Debtor filed its petition under Chapter 11 of the Bankruptcy Code and obtained the benefits of the automatic stay of 11 U.S.C. §362(a).

## Relief from Automatic Stay

14. Debtor is unable to pay its debts as they mature and is insolvent within the meaning of 11 U.S.C. §101(26).

15. Debtor has no prospect of effecting a plan of reorganization with its creditors and is without the funds necessary to pay the amount of their indebtedness to Movant.

16. Continuation of the automatic stay of 11 U.S.C §362(a) will work real and irreparable harm to Movant and will deprive Movant of the adequate protection to which it is entitled under 11 U.S.C. §§ 362 and 363 for the following reasons, among others:

    a. Debtor's equity in the collateral, if any, is of marginal value;

    b. Interest continues to accrue upon Movant's claim against Debtor without payment, and in the 19 months since Debtor defaulted on its obligation it has not made a single payment of principal or interest;

    c. Debtor is without the funds or the management skills necessary to preserve and to maintain the collateral in good working condition and the value of the collateral has declined, and will continue to decline, if not properly managed;

    d. Debtor is renting the real estate to a related entity and is collecting the rental proceeds, all without segregating the collections and proceeds thereof or accounting therefor to Movant as required by 11 U.S.C. §363.

    e. The Debtor has no reasonable prospect for reorganization.

**Adequate Protection**

17.     In the alternative, should the Court deny the Motion for Relief from the Automatic Stay, Movant moves the Court for an order requiring the Debtor to provide adequate protection to Movant as follows:

18.     For an order requiring payments in the amount of Fifteen Thousand Dollars ($15,000.00) per month commencing on December 1, 2010 and continuing on the first day of each month thereafter.

19.     For an order determining that The LaPorte Savings Bank is fully secured, pursuant to the Loan Documents by a first security interest and lien on the property of the Debtor and that such liens and security interests are valid, binding, properly perfected, unavoidable and enforceable against the Debtor solely to the extent enforcement is stayed pursuant to section 362 of the Bankruptcy Code.

20.     For an order requiring the Debtor to satisfy and meet all covenants and guidelines set forth in the Loan Documents.

21.     For an order preventing the Debtor from placing an liens on the property; and requiring the Debtor to pay taxes and maintain insurance on the property as per the requirements of the Loan Documents.

22.     For an order determining that: (I) the property shall not be subject to any claim of administrative expenses of the kind specified in sections 503(b) or 507 of the Bankruptcy Code; and (ii) the property shall not be subject to any surcharge under section 506( c) of the Bankruptcy Code.

23.     For an order requiring the Debtor to provide for: (I) the payment of the Secured Claim in full upon the closing of a sale of the Debtor's assets, which payment shall be prior to the rights of the Debtor and any successor trustee or any creditor or any other third party; or (ii) in the event that no such sale closes, in full pursuant to any chapter 11 plan filed by the Debtor.

24. For an order determining that any of the following events shall constitute an event of default hereunder:

   a. The occurrence of an Event of Default under the Loan Documents;

   b. The failure of the Debtor to make the payments as required pursuant to this Motion;

   c. Violation of any of the covenants, agreements, representations and warranties contained in the Loan Documents;

   d. The entry of an order converting this chapter 11 case to a case under chapter 7 of the Bankruptcy Code;

   e. The entry of an order dismissing this chapter 11 case;

   f. The termination, expiration, lapse or reduction of insurance coverage on the property;

   g. Failure by the Debtor to comply with any term of this Motion, if such default or violation continues for five (5) business days;

   h. The Debtor ceases business operations;

   i. The granting of relief from the automatic stay to the holder of any security interest against any asset of the Debtor which affects the secured property.

Upon the occurrence of any of the above and foregoing Events of Default: (i) Movant shall be granted relief from the automatic stay extant pursuant to section 362 of the Bankruptcy Code without further notice or order of the Court effective immediately without regard to any stay imposed by Bankruptcy Rule 4001(a)(3), which stay is waived; and (ii) possession of the secured property by the Debtor shall terminate at the option of the Movant.  In the event the Movant elects, the Debtor shall surrender the secured property to the Movant.

25. For an order determining that any order entered hereunder shall be binding and inure to the benefit of: (I) the LaPorte Savings Bank and the bankruptcy estate of the Debtor, and (ii) the Debtor and other parties in interest, including any chapter 11 or 7 trustees hereinafter appointed as legal representatives of the Debtor or in the bankruptcy case.

26. For an order determining that the entry of an order under this motion is without prejudice to, and does not constitute a waiver of, expressly or implicitly, or otherwise impair: (a) any of the rights of the LaPorte Savings Bank under the Loan Documents, (b) any of the LaPorte Savings Bank's rights under the Bankruptcy Code or under non-bankruptcy law against any person or entity, (c) the right of the LaPorte Savings Bank to: (I) seek adequate protection of its interests, in the event of a material change of circumstances, (ii) seek relief from or modification of the automatic stay under section 362 of the Bankruptcy Code, in the event of a material change in circumstance, (iii) seek any additional protection of its interests or other relief with respect thereto, in the event of a material change of circumstances, (iv) seek the conversion of the Debtor's chapter 11 case to a chapter 7 or dismissal of the case, or (v) propose, subject to provisions of section 1121 of the Bankruptcy Code, a chapter 11 plan or (d) any other rights, claims, or privileges (whether legal, equitable or otherwise) of the LaPorte Savings Bank.

27. For an order providing that nothing in this motion shall prejudice or prevent Movant from objecting to any application by the Debtor to sell assets or engage in other transactions.

WHEREFORE, the LaPorte Savings Bank moves the Court for an order granting its motion for relief from the automatic stay, or, in the event the motion for relief of stay is denied, for an order of adequate protection as requested herein, and for such other further relief as this Court deems just and equitable.

Dated: November 4, 2010 Respectfully submitted:

 /s/ Bradley J. Adamsky
Bradley J. Adamsky, 24070-71
NEWBY, LEWIS, KAMINSKI & JONES, LLP
916 Lincolnway, P.O. Box 1816
La Porte, Indiana 46352-1816
Telephone: (219) 362-1577
Fax: (219) 362-2106

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion for Relief from Automatic Stay and for Adequate Protection was served by U.S. first class mail, postage prepaid or electronic mail, this 4th day of November, 2010, upon the following:

| | |
|---|---|
| U.S. Trustee<br>One Michiana Square<br>100 E. Wayne St., 5th Fl<br>South Bend, IN 46601 | Rosalind G. Parr<br>105 W. 86th Ave.<br>Merillville, IN 46410 |
| Kwitchurbeliakin, LLC<br>c/o Todd Apfel, Registered Agent<br>1251 Pine Lake Avenue<br>LaPorte, IN 46350 | Kwitchurbeliakin, LLC<br>c/o Todd Apfel, Registered Agent<br>355 Canterbury Drive<br>LaPorte, IN 46350 |
| US Small Business Administration<br>409 3rd Street SW<br>Suite 2000<br>Washington, D.C. 20416 | US Small Business Administration<br>Attn: Francine Protogere<br>8500 Keystone Crossing, Suite 400<br>Indianapolis, IN 46240 |
| U.S. Attorney General<br>10th and Constitution Streets<br>Washington, D.C. 20530 | US Attorney, Northern District of Indiana<br>5400 Federal Plaza, Suite 1500<br>Hammond, IN 46320 |
| Trustee<br>Jacqueline S. Homann<br>JONES OBENCHAIN, LLP<br>202 S. Michigan St., 600 Key Bank Bldg.<br>P.O. Box 4577<br>South Bend, IN 46634-4577 | |

By /s/ Bradley J. Adamsky
Attorneys for Movant
Bradley J. Adamsky (24070-71)
NEWBY, LEWIS, KAMINSKI &JONES LLP
916 Lincolnway, P.O. Box 1816
La Porte, Indiana 46352-1816
Telephone: (219) 362-1577
Fax: (219) 362-2106